**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pablo Gonzalez,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>United States of America,<br><br>　　　　　Respondent. | CASE NO.  05-CV-547-TUC-FRZ<br>　　　　　　05-CR-315-TUC-FRZ<br><br>**ORDER** |

Petitioner has filed a "Motion for Time Reduction by an Inmate in Federal Custody, (28 U.S.C. Section 2255)."

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, in relevant part, that

> [i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

28 U.S.C. foll. § 2255.

### Background

Pursuant to a plea agreement, Petitioner entered a plea of guilty to the Indictment, which charged him with entering and being found in the United States after having been denied admission, excluded, deported, and removed from the United States, and not having obtained the express consent of the Attorney General or the Secretary of the Department of

1  Homeland Security to reapply for admission to the United States, in violation of 8 U.S.C.
2  § 1326, enhanced by 8 U.S.C. § 1326(b)(2).

3  Pursuant to the plea agreement, Petitioner waived "any and all motions, defenses, probable cause determinations, and objections which [he] could assert to the information or indictment or to the Court's entry of judgment against [him] and imposition of sentence upon [him] providing the sentence is consistent with [the plea] agreement." In addition, Petitioner waived "any right to collaterally attack [his] conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack."

9  The plea agreement provided for a sentencing range of 30-78 months, depending on Petitioner's criminal history, if the offense was a Level 24 offense. The Court imposed a sentence of thirty-seven months, the lowest possible sentence under the plea agreement for Petitioner's Criminal History Category III.

## Discussion

14  In his motion, Petitioner seeks a reduction of his sentence. He contends that his right to equal protection is violated by the fact that deportable alien prisoners, unlike their United States citizen counterparts, are ineligible for a one-year sentence reduction for attending a drug treatment program during incarceration and early release to a half-way house.

18  Petitioner's claim for a sentence reduction is waived because, in the plea agreement, Petitioner waived "any right to collaterally attack [his] conviction and sentence under Title 28, United States Code, Section 2255."

21  Alternatively, the Ninth Circuit Court of Appeals rejected Petitioner's argument in *McLean v. Crabtree*, 173 F.3d 1176 (9th Cir. 1999). In that case, the Ninth Circuit found that there was no equal protection violation and held that "excluding prisoners with detainers from participating in community-based treatment programs, and consequently from sentence reduction eligibility, is at least rationally related to the BOP's legitimate interest in preventing prisoners from fleeing detainers while participating in community treatment programs." *Id.* at 1186.

**Conclusion**

Accordingly,

**IT IS ORDERED** that Petitioner's § 2255 Motion (U.S.D.C. document #30 in CR-05-315-TUC-FRZ) is **DENIED** and this case (CV-05-547-TUC-FRZ) is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court **SHALL SERVE** a copy of the Motion and this Order on Respondent and **SHALL SERVE** a copy of this Order on Petitioner.

DATED this 26th day of September, 2005.

FRANK R. ZAPATA
United States District Judge